UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT FRANCIS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:08CV1048 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's motion to appoint counsel [#12] and motion for certificate of appealability [#13]. I denied petitioner's § 2255 motion on July 28, 2010.

The motion for certificate of appealability will be denied for the same reasons I previously denied the certificate of appealability on July 28, 2010. I will also deny the motion for appointment of appellate counsel. Petitioner should request appointment of appellate counsel from the Eighth Circuit Court of Appeals, not this Court.

The motion for certificate of appealability will also be liberally construed as a motion to reopen the time for appeal because petitioner complains that his prison facility was placed on lockdown status from September 20, 2010 to October 4,

2010. The motion will be denied. Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure:

> **(6) Reopening the Time to File an Appeal**. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
>> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>>
>> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>>
>> (C) the court finds that no party would be prejudiced.

Here, the judgment was entered on July 28, 2010 and was resent to petitioner by the Clerk of the Court on August 6, 2010. Petitioner never claims that he did not receive notice of the judgment within twenty one days of its entry, only that he was unable to access the law library for some part of the 60-day time period for filing his appeal. However, petitioner admittedly had most of the months of August and September to file his notice of appeal before he was placed in lockdown status. Under these circumstances, the Court cannot conclude that petitioner has met the conditions of Fed. R. App. P. 4(a)(6).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to appoint counsel [#12] is denied.

**IT IS FURTHER ORDERED** that petitioner's motion for certificate of appealability, which the Court has also construed as a motion to reopen the time for filing an appeal, [#13] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2010.